UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTIONE B. DORRIS,

          Plaintiff,

    v.                    08-cv-2041

PATRICK HARTSHORN,
ROSE WALKER
and NANCY GALLOWAY,

          Defendants.

MEMORANDUM OPINION AND ORDER

INTRODUCTION

    Now before the court are the plaintiff's motion for reconsideration of the court's dismissal of plaintiff's case [32] and the defendant's response [33], respectively. Pursuant to Fed. R. Civ. P. 59(e), the plaintiff, Antione B. Dorris, has filed a pro se motion for reconsideration of the court's dismissal of plaintiff's case. The court dismissed plaintiff's claim that defendants, Patrick Hartshorn, Rose Walker and Nancy Galloway denied him adequate medical treatment at the Vermilion County Correctional Center with prejudice on June 22, 2009 because plaintiff failed to exhaust administrative remedies before filing his lawsuit.

STANDARD

    This circuit has held in *Cash v. Illinois Div. Of Mental Health,* 209 F.3d 695 (7th Cir. 2000) that an untimely Rule 59(e) motion is to be scrutinized under the stricter standards of a Rule 60 (b) motion. Federal Rules of Civil Procedure Rule 59(e) states "a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e) (West 2009). If plaintiff were to proceed under Rule 60(b), it states, in relevant part, that a court may relieve a party or its legal representative from a final judgment order, or proceeding due to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Fed. R. Civ. P. 60(b) (West 2009).

ARGUMENT

Pro se plaintiff, Antione B. Dorris, argues that this court should have interpreted what he "meant" instead of what he "said" when he told the court that he failed to exhaust administrative remedies because "there was no grievance procedure." He now comes before the court to argue that he meant that "he had no vehicle to file a grievance through an administrative process." *(See* Plaintiff's Motion to Reconsider p. 2 [32]). Plaintiff alleges that the prison officials "circumvented the normal grievance process by requiring plaintiff to request grievance slips from officials instead of attaching them to his offender's manual." (*Id.*). Plaintiff, now implies that prison officials frustrated his efforts to comply with the administrative review process by "imposing hurdles that are not a part of the established grievance process." (*Id.*)

DISCUSSION AND CONCLUSION

Federal Rule of Civil Procedure 59(e) clearly states that a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment. Plaintiff's motion for reconsideration of the court's June 22, 2009 judgment [31] in favor of the defendants' motion to dismiss was not filed within in the 10 days required by Rule 59. It was filed on July 3, 2009. Since the plaintiff filed his motion for reconsideration after the 10-day time period had elapsed, his motion is to be scrutinized under the more restrictive criteria of Rule 60(b) and that is what this court will do. *See Cash v. Illinois Div. Of Mental Health,* 209 F.3d 695 at 697 (7th Cir. 2000)(Appellant's arguments-that the court wrongly excluded evidence, misinterpreted the evidence that was presented, and did not understand his theory of the case-cannot be shoe-horned into grounds for Rule 60(b) relief. The rule is not an alternate route for correcting simple legal errors.)

This circuit held in *Cash* that Rule 60(b) motions are to be reviewed for abuses of discretions, not to correct simple legal errors. *Id.* A review under Rule 60(b) is limited in scope to determining whether the "court erred in assessing factors that could render the judgment vulnerable to attack-i.e., mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud." *Cash* 209 F.3d 695, 698 (7th Cir. 2000). In his original complaint, the plaintiff stated that he had not filed a grievance concerning the facts relating to his original complaint because there was no grievance procedure available at his institution. (*See* Pl.'s Original Compl. p. 4 [1]). He stated similar assertions in his amended complaint. (See Pl.'s Am. Compl. p. 4 [8]). In plaintiff's response to defendants' motion to dismiss, plaintiff contradicted statements he made in his complaint and amended complaint by stating that he had, in fact, requested a grievance form, but the jail officials failed to provide one to him. (*See* Pl. Response to Motion to Dismiss p. 3  [29]). In the court's order of dismissal, the court found that the plaintiff's contradictory assertions diminish his credibility. Further, the court found that the plaintiff failed to exhaust administrative remedies. Although now in the instant motion, plaintiff asserts that the defendants frustrated his efforts to comply with the administrative review process, he presents no evidence that supports his allegations. Contrary, to the plaintiff's

assertions the court did not misunderstand his argument.  Therefore, plaintiff's argument that the court did not understand his argument and should have interpreted what plaintiff "meant" instead of what he "said" is not grounds for relief under Rule 60(b).  *See Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746 at 749 (7th Cir.1995).

Because Plaintiff filed an untimely Rule 59(e) motion and his argument falls outside the class of errors that Rule 60(b) exists to correct, it fails.  The plaintiff's motion for reconsideration of the court's dismissal of his case is denied.

It is therefore ordered:

1. Pursuant to both Fed. R. Civ. P. 56(e) and Fed. R. Civ. P. 60(b), the plaintiff's motion for reconsideration of the court's dismissal of his case is denied.

Enter this 6th day of August 2009.

**/s/ Michael P. McCuskey**

_____
Michael P. McCuskey
Chief United States District Judge